

O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

SEAN SCALES,

       Petitioner,

       v.

M.C. KRAMER,

       Respondent.

Case No. EDCV 08-1596-SJO (MLG)

MEMORANDUM AND ORDER DISMISSING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS

**I.   Facts and Procedural History**

    Petitioner is a state prisoner currently incarcerated at the Folsom State Prison in Folsom, California.  He filed this petition for writ of habeas corpus on November 7, 2008. Because this is Petitioner's second petition challenging the identical underlying state court conviction, this petition must be dismissed as successive under 28 U.S.C. § 2244(b)(3)(A).

    On January 4, 2000, following a jury trial[1] in the San Bernardino County Superior Court, Petitioner was convicted of robbery, in violation of Cal. Penal Code § 211.  The jury acquitted

---
[1] This was Petitioner's second trial on this charge.  The first trial had ended in a hung jury.

1   Petitioner of the lesser included offense of petty theft with a prior
2   conviction. The trial court found true the allegation that Petitioner
3   had two prior "strike" convictions for robbery under Cal. Penal Code
4   §§ 667(b)-(i), 1170.12. On August 25, 2000, Petitioner was sentenced
5   to a term of 25 years to life in prison.

6       On September 5, 2001, the California Court of Appeal affirmed
7   the judgment in an unpublished decision. *People v. Scales*, Case No.
8   E027938. On November 14, 2001, the California Supreme Court denied
9   a petition for review. *People v. Scales*, Case No. S101349.

10      Between September 2002 and July 2003, Scales filed a series of
11  petitions for writ of habeas corpus in the California courts, all of
12  which were denied.

13      On November 7, 2003, Petitioner filed a petition for writ of
14  habeas corpus in this Court challenging the judgment of conviction.
15  *Scales v. Adams*, Case No. EDCV 03-1292-SJO (MLG).  On May 31, 2006,
16  an order and judgment was entered denying the petition with
17  prejudice. This Court denied a certificate of appealabilty July 6,
18  2006.  On December 21, 2006, the United States Court of Appeals for
19  the Ninth Circuit also denied a certificate of appealability.[2]

20      The current petition challenges the constitutionality of the
21  sentence Petitioner received in 2000. While the ten claims for relief
22  presented are difficult to comprehend, it appears that Petitioner is

---

24      [2]  In 2006, petitioner filed a series of state habeas corpus
25  petitions challenging a 1995 robbery conviction, which was the
    predicate for one of the prior "strike" convictions supporting the
26  three strikes sentence in this case. On July 27, 2007, Petitioner filed
    a petition for writ of habeas corpus in this Court challenging that
27  1995 conviction. *Scales v. Kramer*, Case No. EDCV 07-0930-SJO (MLG).
    That petition was dismissed as untimely filed on October 19, 2007.
28  Certificates of appealability were denied by both this Court and the
    Ninth Circuit.

essentially challenging the sentence imposed by the trial court based upon the decision of the United States Supreme Court in *Cunningham v. California*, 127 S. Ct. 856 (2007). For the reasons set forth below, the petition is ordered dismissed without prejudice to Petitioner's right to apply to the Ninth Circuit Court of Appeals for leave to file a successive petition.

## II.  Discussion

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, a district court may summarily dismiss a habeas petition, before the respondent files an answer, "[i]f it plainly appears from the face of the petition ... that the petitioner is not entitled to relief." The notes to Rule 4 state: "[A] dismissal may be called for on procedural grounds, which may avoid burdening the respondent with the necessity of filing an answer on the substantive merits of the petition." *See Boyd v. Thompson*, 147 F.3d 1124, 1127-28 (9th Cir. 1998). Because this Court lacks jurisdiction to review this petition without authorization from the court of appeals, as discussed below, summary dismissal of this petition is warranted.

The present petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("AEDPA"), enacted on April 24, 1996. Among other things, AEDPA amended 28 U.S.C. § 2244 to require that "[b]efore a second or successive application [for writ of habeas corpus] permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28

3

1  U.S.C. § 2244(b)(3)(A).  Section 2244(b)(3)(A) explicitly provides
2  that a *second and/or successive* petition, like the one in this case,
3  requires Ninth Circuit approval before it can be considered by the
4  district court. *Burton v. Stewart,* 549 U.S. 147, 127 S. Ct. 793, 796
5  (2007). This Court must dismiss any second or successive petition
6  unless the court of appeals has given Petitioner leave to file the
7  petition because a district court lacks subject-matter jurisdiction
8  over a second or successive petition. *Pratt v. United States*, 129
9  F.3d 54, 57 (1st Cir. 1997); *Greenawalt v. Stewart*, 105 F.3d 1268,
10 1277 (9th Cir. 1997); *Nunez v. United States*, 96 F.3d 990, 991 (7th
11 Cir. 1996).

12    A claim in a second or successive habeas petition that was not
13 previously presented may be considered if the petitioner shows that
14 the claim relies upon a new rule of constitutional law, made
15 retroactive to cases on collateral review by the Supreme Court, that
16 was previously unavailable. 28 U.S.C. § 2244(b)(2)(A). However, a
17 petitioner is still required to seek authorization from the court of
18 appeals in order to have the district court consider the petition.
19 28 U.S.C. § 2244(b)(3)(A), *see also Reyes v. Te Vaughn*, 276 F. Supp.
20 2d 1027, 1030 (C.D. Cal. 2003) ("[T]o the extent that petitioner
21 would like to show that he falls within one of the exceptions to
22 dismissal of successive habeas petitions, 28 U.S.C. § 2244(b)(2)(B),
23 he must first present any such claim to the Court of Appeals rather
24 than to this Court.").[3]

25    This petition was filed without leave of the Ninth Circuit.
26 Until the Ninth Circuit authorizes the filing of this petition, this

27

28    [3] Moreover, Petitioner has not shown that the Supreme Court has
held *Cunningham* to be retroactive on collateral review.

4

1  Court lacks jurisdiction to consider the merits. *See Burton,* 127 S.

2  Ct. at 799; *Cooper v. Calderon,* 274 F.3d 1270, 1274 (9th Cir. 2001);

3  *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)(district

4  court lacks subject matter jurisdiction to consider second or

5  successive petition). Thus, dismissal of the petition without

6  prejudice is required.

7

8  **III. Order**

9      In accordance with the foregoing, IT IS HEREBY ORDERED that the

10 petition is DISMISSED without prejudice to petitioner's applying to

11 the United States Court of Appeals for the Ninth Circuit for leave

12 to file a second or successive petition.

13     IT IS FURTHER ORDERED that the clerk shall serve a copy of this

14 order on Petitioner and the Attorney General for the State of

15 California.

16

17 11/20/08                              **/S/ S. James Otero**

18                                       _____

                                         S. James Otero
19                                       United States District Judge

20 Presented by:

21

22 _____

   Marc L. Goldman
23 United States Magistrate Judge

24

25

26

27

28

                                   5

## NOTICE PARTY SERVICE LIST

**Case No.**  EDCV08-1596-SJO (MLG)  **Case Title**  Sean Scales v. M.C. Kramer

**Title of Document**  Memorandum and Order Dismissing Successive Petition

| | |
|---|---|
| | Atty Sttlmnt Officer Panel Coordinator |
| | BAP (Bankruptcy Appellate Panel) |
| | Beck, Michael J (Clerk, MDL Panel) |
| | BOP (Bureau of Prisons) |
| | CA St Pub Defender (Calif. State PD) |
| | CAAG (California Attorney's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) |
| | Case Asgmt Admin (Case Assignment Administrator) |
| | Catterson, Cathy (9th Circuit Court of Appeal) |
| | Chief Deputy Admin |
| | Chief Deputy Ops |
| | Clerk of Court |
| | Death Penalty H/C (Law Clerks) |
| | Dep In Chg E Div |
| | Dep In Chg So Div |
| | Federal Public Defender |
| | Fiscal Section |
| | Intake Section, Criminal LA |
| | Intake Section, Criminal SA |
| | Intake Supervisor, Civil |
| | PIA Clerk - Los Angeles (PIALA) |
| | PIA Clerk - Riverside (PIAED) |
| | PIA Clerk - Santa Ana (PIASA) |
| | PSA - Los Angeles (PSALA) |
| | PSA - Riverside (PSAED) |
| | PSA - Santa Ana (PSASA) |
| | Schnack, Randall (CJA Supervising Attorney) |
| | Statistics Clerk |

| | |
|---|---|
| | US Attorneys Office - Civil Division -L.A. |
| | US Attorneys Office - Civil Division - S.A. |
| | US Attorneys Office - Criminal Division -L.A. |
| | US Attorneys Office - Criminal Division -S.A. |
| | US Bankruptcy Court |
| | US Marshal Service - Los Angeles (USMLA) |
| | US Marshal Service - Riverside (USMED) |
| | US Marshal Service -Santa Ana (USMSA) |
| | US Probation Office (USPO) |
| | US Trustee's Office |
| | Warden, San Quentin State Prison, CA |

| ✓ | ***ADD NEW NOTICE PARTY*** (if sending by fax, mailing address must also be provided) |
|---|---|

Name: Office of the Attorney General

Firm: CA State Dept of Justice

Address (*include suite or floor*): 300 S. Spring Street

Suite 500, Los Angeles CA 90013

*E-mail:

*Fax No.:

* For CIVIL cases only

***JUDGE / MAGISTRATE JUDGE (list below):***

**Initials of Deputy Clerk** ts